UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE DANA HANSON,<br>　　　　Plaintiff,<br>　　v.<br>A. DULGOV,<br>　　　　Defendant. | Case No. 24-cv-00664-JSC<br><br>**ORDER OF DISMISSAL**<br><br>(Dkt. No. 6) |

## INTRODUCTION

Petitioner, a federal prisoner proceeding without a lawyer, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the conditions of her confinement at the Federal Correctional Institute in Dublin, California ("FCI Dublin"). She has paid the filing fee. For the reasons discussed below, the petition is dismissed without prejudice.

## BACKGROUND

Petitioner was convicted in the United States District Court for the District of Idaho in 2021. (ECF No. 1 at 1.) She claims the conditions at FCI Dublin are harmful because of "toxic substances of black mold, asbestos, natural gas leaks, dirty ventilation, lack of fresh food and periodic brown drinking water," as well as insufficient ventilation and heat. (*Id.* at 6, 9.) She also claims she has received inadequate medical care for her "multiple comorbidities. (*Id.* at 6, 9-10.) Petitioner requests "immediate release" from custody. (*Id.* at 7.)

## DISCUSSION

Petitioner may not bring her claims in a petition for writ of habeas corpus because she is challenging the conditions of her confinement, not her conviction or sentence. Federal law "opens two main avenues to relief on complaints related to imprisonment:" a petition for habeas corpus

1   and a civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas petitions are
2   "the exclusive vehicle" for claims challenging "the fact or duration of the conviction or sentence."
3   *Nettles v. Grounds*, 830 F.3d 922, 927, 934 (9th Cir. 2016). By contrast, a civil rights action is the
4   "proper remedy" for a claimant asserting "a constitutional challenge to the conditions of his prison
5   life, but not to the fact or length of his custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 499
6   (1973). If success on the petitioner's claim would not "necessarily lead to immediate or speedier
7   release," the claim may not be brought in a habeas petition. *Nettles*, 830 F.3d at 935.

In *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), the Ninth Circuit addressed the circumstances in which a prisoner can challenge the conditions of confinement in a habeas petition and seek release from custody based upon those conditions. *Id*. at 1062, 1065-66. The court stated, "[T]he relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested . . . [o]r stated differently, a successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas." *Id*. at 1072-73 (emphasis in original). The court affirmed the dismissal for lack of jurisdiction of a habeas petition under 28 U.S.C. § 2241 claiming federal prison officials failed to implement adequate safety protocols in response to COVID-19. *Id*. at 1073-76. The court held the petition did not allege facts to support the contention that no set of conditions would cure the constitutional violations, necessitating a remedy of release, and as other remedies short of release could remedy the allegedly unsafe conditions, the claims must be brought in a civil rights case. *Id.* at 1075.

Here, as in *Pinson*, the Court lacks jurisdiction to consider Petitioner's claims regarding the alleged unsafe conditions and inadequate medical care at FCI Dublin.[1] She does not allege facts, when liberally construed, showing that no relief short of release is adequate to cure these alleged constitutional violations. Under *Pinson*, a habeas petition is not the appropriate remedy for her claims, and she must instead bring them in civil rights action in a new case. *See*, *e.g.*,

---

[1] Indeed, the Federal Bureau of Prisons has indicated in a class action brought by FCI Dublin inmates that they plan to close the facility and transfer the inmates. *See California Coalition for Women Prisoners, et al., v. United States Federal Bureau of Prisons, et al.*, No. C 23-4155-YGR (PR) (ECF No. 257 at 2:6-8).

*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971) (finding a private right of action for damages implied from the Constitution for constitutional violations by federal employees or their agents); *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (allowing *Bivens* claims for prisoner's inadequate medical care).[2] Accordingly, this petition will be dismissed without prejudice to Petitioner bringing her claims in a civil rights complaint in a new case.[3]

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice.

The clerk shall enter judgment and close the file.

This order disposes of docket number 7.

**IT IS SO ORDERED.**

Dated: April 22, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

[2] This order only addresses the appropriate remedy for Petitioner's claims and does not reach a conclusion as to which claims, if any, are capable of judicial review and decision.

[3] Petitioner is advised that the filing fee for a civil action is $350 plus a $52 administrative fee (as opposed to the $5 filing fee for a habeas action), and even if she is granted leave to proceed in forma pauperis ("IFP"), she will still have to pay the $350 filing fee, albeit in monthly installments. *See* 28 U.S.C. §§ 1915(b)(1), 1914(a).